## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALEKSANDR MELENTYEV,**

      **Plaintiff,**

**v.**                               **Case No.:**     **8:17-cv-00306-RAL-MAP**

**RUSHMORE LOAN MANAGEMENT SERVICES, LLC, and CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 4,**

                                          **DEMAND FOR JURY TRIAL**

      **Defendants.**

_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT
## WITH INJUNCTIVE RELIEF SOUGHT

      **COMES NOW**, Plaintiff, **ALEKSANDR MELENTYEV** ("Mr. Melentyev" or "Plaintiff"), by and through the undersigned counsel, and hereby files this First Amended Complaint and Demand for Jury Trial with Injunctive Relief Sought pursuant to Fed. R. Civ. P. 15 (a) (1) (A) as against Defendant, **RUSHMORE LOAN MANAGEMENT SERVICES, LLC** ("Debt Collector"), and Defendant, **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 4**, and in support thereof states as follows:

### Introduction

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 et.

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4*
Page **1** of **14**

seq. ("FCCPA"), in attempting to collect such Debt that was discharged in Mr. Melentyev's bankruptcy in 2014.

### *Jurisdiction and Venue*

2.  This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331 as there exists federal question jurisdiction under the FDCPA, 15 U.S.C. § 1692 et. seq.

3.  Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4.  Venue lies in this District pursuant to 28 U.S.C. § 1391 (d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5.  Plaintiff, Mr. Melentyev, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, and a "consumer" as defined by 15 U.S.C. § 1692a (3) and "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6.  Under information and belief, CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 4 ("Christiana Trust") is a wholly-owned subsidiary of Wilmington Savings Fund Society, FSB ("WSFS Bank").

7.  Although Christiana Trust and WSFS Bank have different legal entity names, under information and belief, the entities act interchangeably.

8.  A simple Google search for "Christiana Trust" leads to the first non-advertisement search result directing to https://www.wsfsbank.com/Wealth/Trust-Services ("webpage"), which clearly states in the upper left hand corner "WSFS bank" with "We Stand for Service" below the WSFS Bank logo. Furthermore, the right hand side of the webpage reads "WSFS Wealth"

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4*
Page **2** of 14

with "Christiana Trust" under the WSFS Wealth logo. The very bottom of the webpage reads: "© Wilmington Savings Fund Society, FSB" "Member FDIC" "NMLS #417673."

9.  Next, a simple Google search for "Christiana Trust Property Search" leads to the first search result directing to https://ctpropsearch.com, which opens to the top of the page stating: "CHRISTIANA Trust" "A Division of WSFS Bank."

10. When the property street address at issue is entered into the Christiana Trust Property Search, 1084 Manilla Lane, Punta Gorda, Florida 33983, the Property Information screen provides that Debt Owner is the current mortgage investor of the Property and "BSI" is the current servicer of the mortgage. *See* **Exhibit A.**

11. The claims brought in this action are derived from consumer protection laws which are interpreted using the "least sophisticated consumer" standard.

12. Hereinafter, Christiana Trust and WSFS Bank shall be referred to as "Debt Owner" where the two entities acted jointly, or in a manner where the specific corporate entity would be indistinguishable from its counterpart under the least sophisticated consumer test.

13. Debt Owner is a member of the FDIC with its principal place of business located at: 500 Delaware Avenue, Wilmington, DE 19801.

14. At all times material hereto, Debt Collector was and is a foreign limited liability company with its principle place of business in the State of California and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, Florida 32301-2525.

15. Further, at all times material hereto, Defendant Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) & 15 U.S.C § 1692a (6).

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4*
Page **3** of 14

16. At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. Melentyev's alleged debt.

17. At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. Melentyev's alleged debt for Debt Owner.

18. As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

19. Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. Melentyev's information.

20. Under information and belief, Debt Owner allowed Debt Collector to enter Mr. Melentyev's information into Debt Owner's sales or customer systems.

21. Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

22. Under information and belief, Debt Owner approved, wrote, or reviewed a transcript for Debt Collector to use when sending collection letters to Mr. Melentyev.

23. Under information and belief, Debt Owner had actual knowledge of Debt Collector's FCCPA and FDCPA violations when sending Mr. Melentyev collection letters and Debt Owner failed to stop such violations by Debt Collector.

24. Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. Melentyev's debt on behalf of Debt Owner.

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4*
Page **4** of 14

### *Statements of Fact*

25. On March 15, 2007, Mr. Melentyev executed a promissory note ("Note") that was secured by his home located in Punta Gorda, Florida ("Mortgage"), which was located at: 1084 Manilla Lane, Punta Gorda, Florida 33983 ("Property").

26. The Property's legal description is as follows:

   **LOT 17, BLOCK 680 OF PUNTA GORDA ISLES SECTION TWENTY THREE, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLANT BOOK 12, PAGE(S) 2-A – 2Z41, OF THE PUBLIC RECORDS OF CHARLOTTE COUNTY, FLORIDA.**

27. Sometime thereafter, Mr. Melentyev fell behind on his monthly Home Owner Association ("HOA") payments as related to the Property and the HOA foreclosed on the Property; see Circuit Court of the Twentieth Judicial Circuit In and For Charlotte County, Florida ("Court") Case Number: 09-1164-CA.

28. On July 7, 2009, the Court issued a Final Judgment of Foreclosure ("Foreclosure Order") as against Mr. Melentyev, foreclosing on his interest in the Property.

29. Thereafter, on October 31, 2013, Mr. Melentyev filed for Chapter 13 bankruptcy relief in the United States Bankruptcy Court for the Middle District of Florida; see Case Number: 8:13-bk-14458-CPM ("Bankruptcy Case").

30. Mr. Melentyev included the Property and all mortgage investor interests ("Mortgage Owners") relevant thereto in the Bankruptcy Case.

31. Mr. Melentyev's Bankruptcy Case was converted to a Chapter 7 case on February 24, 2014.

32. On or around June 16, 2014, the Court issued an order granting Mr. Melentyev a discharge in the Bankruptcy Case ("Discharge Order"). *See* **Exhibit B.**

33. The Discharge Order, in conjunction with the Foreclosure Order, terminated any rights that the Mortgage Owners and any purported assignee of the Mortgage thereafter, including Debt

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4*
Page 5 of 14

Owner and Debt Collector, had against Mr. Melentyev with respect to the underlying Mortgage debt ("Debt").

34. At no time did the Mortgage Owners object to or dispute the details of the claims filed in the Bankruptcy Case.

35. At no time has the Mortgage been declared to be non-dischargeable in bankruptcy.

36. At no time has Mr. Melentyev reaffirmed the subject Debt.

37. On or around June 26, 2014, the Mortgage Owners transferred, assigned, and/or sold the Debt and/or the servicing rights of the Mortgage to Debt Owner. *See* **Exhibit C.**

38. As such, Debt Owner has been the mortgage investor of the Property from June 26, 2014 to the present date.

39. Debt Collector was thereafter assigned the Mortgage and became servicer of the loan on the Property.

40. Part and parcel of Debt Collector being servicer for the Mortgage includes the responsibility to attempt to collect the Debt.

41. At all times relevant, Debt Owner and Debt Collector had actual knowledge that Mr. Melentyev was the debtor in a Chapter 7 Bankruptcy Case, that he was granted the discharge in that case, and that he was subsequently protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided under applicable Bankruptcy law, specifically 11 U.S.C. § 524.

42. Debt Collector had actual knowledge of the fact that the Debt had been discharged in Mr. Melentyev's Bankruptcy because Debt Collector, as servicer, had access to all records of Debt Owner concerning the Account, including but not limited to records of the Foreclosure

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4*
Page **6** of 14

Case, of the Bankruptcy Case, and all papers that were transferred to Debt Owner at the time of acquisition of the Mortgage from the Mortgage Owners.

43. Under information and belief, Debt Collector had actual knowledge of the fact that the Debt had been discharged in Mr. Melentyev's Bankruptcy because Debt Owner advised Debt Collector of this circumstance upon Debt Collector becoming servicer.

44. As servicer for the Debt, Debt Collector is an agent of Debt Owner in regards to the Debt and had actual knowledge that the Debt was discharged in Mr. Melentyev's Bankruptcy.

45. Despite having actual knowledge of the Discharge Order, Debt Collector sent collection letters to Mr. Melentyev in attempts to collect the Mortgage Debt on behalf of Debt Owner.

46. Specifically, Debt Collector sent Mr. Melentyev a collection letter dated August 19, 2016 ("Collection Letter 1"). *See* **Exhibit D.**

47. Collection Letter 1 was individually addressed to Mr. Melentyev, listed the Property address, the Amount Due as $43,174.83, a Due Date of 09/01/2016, and a late fee of $19.79 if payment was received after 09/16/2016.

48. Debt Collector then sent Mr. Melentyev a collection letter dated September 9, 2016 ("Collection Letter 2"). *See* **Exhibit E.**

49. Collection Letter 2 was individually addressed to Mr. Melentyev, listed the Property address, the Amount Due as $43,765.71, a Due Date of 10/01/2016, and a late fee of $19.79 if payment was received after 10/16/2016.

50. After that, Debt Collector sent Mr. Melentyev a collection letter dated October 11, 2016 ("Collection Letter 3"). *See* **Exhibit F.**

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4*
Page **7** of **14**

51. Collection Letter 3 was individually addressed to Mr. Melentyev, listed the Property address, the Amount Due as $44,356.59, a Due Date of 11/01/2016, and a late fee of $19.79 if payment was received after 11/16/2016.

52. Debt Collector sent Collection Letters 1-3 (collectively "Collection Letters") in connection with the collection of the Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")* ###
### *(as against Debt Collector)* ###

53. Mr. Melentyev re-alleges paragraphs 1-52 and incorporates the same herein by reference.

54. Mr. Melentyev is a "consumer" within the meaning of the FDCPA.

55. The subject debt is a "consumer debt" within the meaning of the FDCPA.

56. The Debt Collector is a "debt collector" within the meaning of the FDCPA.

57. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

   a. Debt Collector violated 15 U.S.C. § 1692c (a) (2) by contacting Mr. Melentyev with the Collection Letters when Debt Collector knew that Mr. Melentyev was represented by an attorney in the Bankruptcy Case with respect to the Debt and had knowledge of that attorney's name and address.

   b. Debt Collector violated 15 U.S.C. § 1692e (2) (A) by falsely representing the legal status of the Debt as owed by Mr. Melentyev and that the Debt was collectible in its Collection Letters when Debt Collector knew the Debt was not owed by Mr. Melentyev nor collectible because it had been discharged pursuant to the Discharge Order.

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4*
Page 8 of 14

    c.   Debt Collector violated 15 U.S.C. § 1692e (10) by misrepresenting that the Debt was owed by Mr. Melentyev and that the Debt was collectible in its Collection Letters in an attempt to collect the Debt, which deceived Mr. Melentyev into believing that he owed the Debt despite its discharge pursuant to the Discharge Order.

58. As a result of the above violations of the FDCPA, Mr. Melentyev has been subjected to illegal collection activities for which he has been damaged.

59. Debt Collector's Collection Letters have harmed Mr. Melentyev by causing him stress because the Collection Letters state that he owes the Debt.

60. Debt Collector's Collection Letters have harmed Mr. Melentyev by violating his individual right to not owe the Debt as established by the Discharge Order.

61. Debt Collector's Collection Letters have harmed Mr. Melentyev by violating his statutory right to not receive deceitful information from Debt Collector in an attempt to collect the Debt.

62. Debt Collector's Collection Letters have harmed Mr. Melentyev by violating his statutory right to not receive misrepresentations as to the legal status of the Debt from Debt Collector.

63. Debt collector's Collection Letters have harmed Mr. Melentyev by violating his statutory right to not be contacted about a Debt that was discharged by the Discharge Order.

64. It has been necessary for Mr. Melentyev to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

65. All conditions precedent to this action have occurred.

    **WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4*
Page **9** of 14

    a.   Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

    b.   Awarding actual damages;

    c.   Awarding costs and attorneys' fees; and

    d.   Any other and further relief as this Court deems equitable.

### _Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)_

66. Mr. Melentyev re-alleges paragraphs 1-52 and incorporates the same herein by reference.

67. Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

    a.   Debt Collector violated Fla. Stat. § 559.72 (9) by claiming and attempting to enforce the Debt by sending the Collection Letters when Debt Collector knew that the Debt was uncollectible because it had been discharged by the Discharge Order.

    b.   Debt Collector violated Fla. Stat. § 559.72 (18) by communicating with Mr. Melentyev by sending the Collection Letters when Debt Collector knew that Mr. Melentyev was represented by an attorney in the Bankruptcy Case with respect to the Debt and had knowledge of that attorney's name and address.

68. As a result of the above violations of the FCCPA, Mr. Melentyev has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

69. Debt Collector's Collection Letters have harmed Mr. Melentyev by causing him stress because the Collection Letters state that he owes the Debt.

70. Debt Collector's Collection Letters have harmed Mr. Melentyev by violating his individual right to not owe the Debt as established by the Discharge Order.

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4_
Page **10** of 14

71. Debt Collector's Collection Letters have harmed Mr. Melentyev by violating his statutory right to not receive deceitful information from Debt Collector in an attempt to collect the Debt.

72. Debt Collector's Collection Letters have harmed Mr. Melentyev by violating his statutory right to not receive misrepresentations as to the legal status of the Debt from Debt Collector.

73. Debt collector's Collection Letters have harmed Mr. Melentyev by violating his statutory right to not be contacted about a Debt that was discharged by the Discharge Order.

74. It has been necessary for Mr. Melentyev to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

75. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.  Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b.  Awarding actual damages;

    c.  Awarding costs and attorneys' fees;

    d.  Ordering an injunction preventing further wrongful contact by the Defendant; and

    e.  Any other and further relief as this Court deems equitable.

### _Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")_ _(as against Debt Owner)_

76. Plaintiff re-alleges paragraphs 1-52 and incorporates the same herein by reference.

77. At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
_Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4_
Page **11** of 14

78. Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

    a.  Debt Collector violated Fla. Stat. § 559.72 (9) by claiming and attempting to enforce the Debt by sending the Collection Letters when Debt Collector knew that the Debt was uncollectible because it had been discharged by the Discharge Order.

    b.  Debt Collector violated Fla. Stat. § 559.72 (18) by communicating with Mr. Melentyev by sending the Collection Letters when Debt Collector knew that Mr. Melentyev was represented by an attorney in the Bankruptcy Case with respect to the Debt and had knowledge of that attorney's name and address.

79. As a result of the above violations of the FCCPA, Mr. Melentyev has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

80. Debt Collector's Collection Letters have harmed Mr. Melentyev by causing him stress because the Collection Letters state that he owes the Debt.

81. Debt Collector's Collection Letters have harmed Mr. Melentyev by violating his individual right to not owe the Debt as established by the Discharge Order.

82. Debt Collector's Collection Letters have harmed Mr. Melentyev by violating his statutory right to not receive deceitful information from Debt Collector in an attempt to collect the Debt.

83. Debt Collector's Collection Letters have harmed Mr. Melentyev by violating his statutory right to not receive misrepresentations as to the legal status of the Debt from Debt Collector.

84. Debt collector's Collection Letters have harmed Mr. Melentyev by violating his statutory right to not be contacted about a Debt that was discharged by the Discharge Order.

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4*
Page 12 of 14

85. It has been necessary for Mr. Melentyev to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

86. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a.  Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b.  Awarding actual damages;

    c.  Awarding punitive damages;

    d.  Awarding costs and attorneys' fees;

    e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.  Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **ALEKSANDR MELENTYEV**, demands a trial by jury on all issues so triable.

Respectfully submitted this **March 8, 2017**,

                              */s/  Kaelyn Steinkraus*
                              Kaelyn Steinkraus, Esq.
                              Florida Bar No. 125132
                              Michael A. Ziegler, Esq.
                              Florida Bar No. 74864
                              Law Office of Michael A. Ziegler, P.L.
                              13575 58th Street North, Suite 129
                              Clearwater, FL 33760
                              (p)  (727) 538-4188
                              (f)  (727) 362-4778
                              mike@zieglerlawoffice.com
                              kaelyn@zieglerlawoffice.com
                              Attorneys and Trial Counsel for Plaintiff

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4*
Page 13 of 14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this **08** day of **March, 2017**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and sent via standard mail to the following addresses for Defendants:


Rushmore Loan Management Services, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, Florida 32301

Christiana Trust, a Division of Wilmington
Savings Fund Society, FSB, not in its
Individual Capacity but as Trustee of
ARLP Trust 4
500 Delaware Avenue
Wilmington, Delaware, 19801


*/s/  Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.

Plaintiff's First Amended Complaint Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Melentyev v. Rushmore Loan Management Services, LLC and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 4*
Page **14** of 14