UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEKSANDR MELENTYEV,

           Plaintiff,

v.                                                                          CASE NO. 8:17-cv-306-T-26MAP

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC and CHRISTIANA TRUST,

           Defendants.
_____/

**O R D E R**

Upon due and careful consideration of the well-pleaded allegations of Plaintiff's first amended complaint, together with the attachments to the complaint, which this Court must accept as true at this early juncture of the proceedings, and construing those allegations in the light most favorable to Plaintiff,[1] it is ordered and adjudged that the Defendant Rushmore's Motion to Dismiss Plaintiff's First Amended Complaint With Injunctive Relief Sought (Dkt. 17) is denied for the following reasons.[2]

First, in the Court's view, the allegations of the first amended complaint are more than sufficient to state a plausible claim for relief against Defendant Rushmore for

---

[1] See Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1270 (11th Cir. 2016).

[2] Given this disposition of the motion, the Court needs no response from Plaintiff.

violations of the federal Fair Debt Collection Practices Act (the FDPCA) and the Florida Consumer Collections Practice Act (the FCCPA).  The Court, in that regard, elects to follow decisions from other judges of the Middle District, including a decision from this Court, in determining that the notices sent to Plaintiff from Defendant Rushmore, which are attached to the first amended complaint as Exhibits D, E, and F, constitute attempts to collect a debt prohibited by the FDCPA and FCCPA.  See <u>McCamis v. Servis One, Inc.</u>, case number 8:16-cv-1130-T-30AEP, 2016 WL 4063403, at *3 (M.D. Fla. July 29, 2016) (citing and quoting <u>LaPointe v. Bank of America, N.A.</u>, case number 8:15-cv-1402-T-26EAJ, 2015 WL 10097518, at *2 (M.D. Fla. Aug. 26, 2015)); <u>Galle v. Nationstar Mtge., LLC</u>, case number 2:16-cv-407-FtM-38CM, 2016 WL 4063274, at *3 (M.D. Fla. July 29, 2016) (and cases cited); <u>Roth v. Nationstar Mtge., LLC</u>, case number 2:15-cv-783-FtM-29MRM, 2016 WL 3570991, at *4 (M.D. Fla. July 1, 2016) (and cases cited).

  Second, the Court agrees with the decision authored by another judge of the Middle District that because Plaintiff has alleged in paragraph 33 of his first amended complaint that his entire debt was discharged in his bankruptcy proceedings, The Truth in Lending Act (TILA) and Regulation Z, based on certain commentary to Regulation Z, "did not compel [Defendant Rushmore] to send a monthly statement.  Consequently, TILA does not preclude the instant FDCPA action by [Plaintiff]."  <u>Leahy-Fernandez v. Bayview Loan Servicing LLC</u>, 159 F.Supp.3d 1294, 1301 (M.D. Fla. 2016).  Finally, construing Plaintiff's allegations regarding knowledge on the part of Defendant

Rushmore as to Plaintiff's representation by an attorney, the Court concludes that Plaintiff has sufficiently stated plausible claims for relief for alleged violations of 15 U.S.C. § 1692c(a)(2) and section 559.72(18), Florida Statutes.

Defendant Rushmore shall file its answer and defenses, if any, to Plaintiff's first amended complaint within fourteen (14) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on April 17, 2017.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record